NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24 CVS _____

ELLAINA FAISON,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )        **COMPLAINT**
                                         )
LABORATORY CORPORATION OF                )
AMERICA HOLDINGS, doing business         )
as LabCorp,                              )
                                         )
            Defendant.                   )

NOW COME Plaintiff, complaining of the Defendant, who alleges:

1.      Plaintiff Ellaina Faison is a resident of Guilford County.

2.      Defendant Laboratory Corporation of America Holdings (hereinafter referred to as "LabCorp") is a Delaware business corporation with its principal place of business and its corporate headquarters in Burlington in Alamance County.

3.      Defendant does business as and is commonly known by its employees as "LabCorp" and is referred to as "LabCorp" herein.

4.      Defendant has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

5.      Plaintiff is a Black American female who was employed by LabCorp at its laboratory facility in Burlington from approximately May 31, 2016 until terminated by LabCorp on February 27, 2023.

1

6.      Plaintiff was hired as a Technologist Trainee and at the time of her injury alleged below and her termination was a Senior Laboratory Technologist.

7.      Plaintiff's work for LabCorp in the Toxicology Department at a Fuming Hood exposed her on a daily basis to toxic chemicals, including Methylene Chloride, Ethyl Acetate, Formic Acid, Methanol, and Hexane, and for almost all of her workday.

8.      Labcorp failed to maintain Plaintiff's work environment, particularly the Fuming Hood and the air conditioning system in a safe condition and control the level of toxic chemical fumes in her work place even though they were often quite strong, wore hazardous to the health of the employees, and were the subject of employee (including Plaintiff) complaints and supervisory acknowledgment, including of internal safety audits and reports and recommendations received by management for corrective action.

9.      Despite its knowledge and awareness of the facts alleged in paragraph 8, LabCorp intentionally ignored these conditions except for brief periods of time when inspections by OSHA were anticipated, but which did not occur on a regular basis.

10.     The Toxicology Laboratory where the Plaintiff worked contained all of the Fuming Hoods used for the toxic chemicals described above.

11.     On May 19, 2022, the temperature in the Plaintiff's Automation section of the Toxicology Laboratory was very high because LabCorp caused the

2

chillers in that section – which might otherwise mitigate the hazard faced by the Plaintiff that caused her injury - to be off in that section.

12. On May 19, 2022, the Plaintiff began her work by prepping a Biotage Isolute supported liquid extraction ("SLE") plate with solvents - methanol, formic acid and de-ionized water - which job could not be paused without having to start over.

13. Before the Plaintiff completed the job, and after less than 30 minutes of work, the Plaintiff was overcome and passed out because of the toxic fumes, fell backwards off her feet and struck the floor with her head, arms and body, thereby sustaining a workplace injury compensable under the North Carolina Workers Compensation Act.

14. As a direct result of her exposure to the chemical fumes, passing out, and striking the floor, the Plaintiff suffered severe and substantial injury which disabled her to work for a period of time until she advised LabCorp that she could return to work, provided that certain reasonable accommodation was provided her by LabCorp.

15. As a direct result of her injury occurring on May 19, 2022, the Plaintiff has a physical or mental impairment that substantially limits one or more major life activities, such as severe light sensitivity and limited vision and substantial impairment of her left arm; has a record of such substantially limiting impairment; and has been regarded by LabCorp as being so impaired because it would not permit the Plaintiff to return to work that she was capable

3

of doing with minimal accommodations which would require little expense on the part of LabCorp.

16.    LabCorp refused to provide the necessary accommodation requested.

17.    Plaintiff was not permitted to LabCorp to return to work except for one brief occasion in November 2022, when she was advised by LabCorp's workers compensation administrator (the Reed Group) to report to work because the doctors provided the Plaintiff by the Reed Group to treat her injuries as medical compensation under the Workers Compensation Act had released her with restrictions which the Plaintiff's then supervisor Lewis had told her could be accommodated by LabCorp.

18.    When she reported to LabCorp to work on November 21, 2022, the Plaintiff was not permitted to begin work and was sent home after a few hours. Plaintiff noticed that the toxic fumes were very strong and told her supervisor and team leader about it. The Plaintiff also told the supervisor and the team leader that she was going to complain about LabCorp and report the high level of toxic fumes to the LabCorp EHS (Environmental and Health Safety) Officer and to its Toxicology Department Quality Control Officer.

19.    LabCorp has unlawfully discriminated against the Plaintiff on basis of disability in violation of the Americans with Disabilities Act, as amended (the "ADA")

4

20.     LabCorp has unlawfully discriminated against the Plaintiff on account of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, by not according her reasonable accommodations while in the same relevant period LabCorp gave accommodations, some greater than that needed by the Plaintiff, to at least four employees of other races and ethnicities.

21.     The attitude of her LabCorp manager Wright toward the Plaintiff changed notably for the worse approximately two months after her injury occurred and the plaintiff's need for reasonable accommodation to allow her to return to and perform work became known.

22.     LabCorp retaliated against the Plaintiff by treating her adversely and worse than other non-complaining employees on account of her resistance to discrimination on account of her disability and/or perceived disability.

24.     As a result of her wrongful termination and retaliation in violation of the ADA and Title VII, the Plaintiff has:

     (a)     lost her employment with LabCorp, together with the wages and the fringe benefits that came with it, including a 401(k) account; and

     (b)     suffered compensable damages on account of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses which exceed the cumulatively $300,000.00 statutory limitation set forth in 42 U.S.Code 1981.

5

25.     On or about March 21, 2023, Plaintiff timely filed a Charge of Disability, Race and Retaliation discrimination against LabCorp with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 435-3034-00671.

26.     On March 6, 2024, the EEOC issued Plaintiff a 90-Day Right-to-Sue Letter and the Plaintiff files this action pursuant to Title 42 U.S.Code §2000e-5(f). within the 90 day period.

27.     Plaintiff has other lawful claims against LabCorp related to her employment and termination, including a claim under the North Carolina Retaliatory Employment Discrimination, which claim has been filed in Guillford County Civil Action No. 24 CV012215-400, and a claim for bodily injury which she will pursue in another separate action.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for the full relief provided by law for its violations of the ADA and Title VII, including:

1. Reinstatement of Plaintiff to the same position she held before the retaliatory action or discrimination or to an equivalent position.

2. Recovery of all wages lost as a result of LabCorp's wrongful acts alleged herein and reinstatement of full fringe benefits.

3. Compensation in an amount of no less than $300,000.00 pursuant to Title 42 U.S.Code 1981a(b)(3) on account of the Plaintiff's future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

4. Reasonable attorney fees pursuant to 42 U.S.Code 1988(b).

5. All such other legal and equitable relief to which the Plaintiff may be entitled under the law applicable to her case.

6

Herman L. Stephens
Attorney for Defendant
N.C. State Bar No. 4147

The Law Office of Herman L. Stephens
500 W. 4th St., Ste. 100
Winston-Salem, NC 27101
Telephone:    (336) 722-7126
E-mail:                 lawstephens@bellsouth.net

Complaint TVII Faison